**TAYLOR et, Plaintiffs, v. SIDWELL et, d. b. a. SIDWELL BROTHERS, Defendants.**

Common Pleas Court, Muskingum County.

No. 40456. Decided February 27, 1958.

Meyer, Johnson & Kincaid, for plaintiffs.
Graham, Graham, Gottlieb & Johnston, for defendants.

## OPINION

By CROSSLAND J:

Briefly discussing each of the two foregoing subjects, first concerning the latter of the two, the Court believes that there was some substantial evidence, however incredible it may have seemed or appeared to the defendant, that required submission of the case to the jury and that there was sufficient evidence which, along with the credibility of witnesses, afforded a premise from which reasonable minds might and could arrive at different conclusions. If the Court was correct, as it believes that it was, in excluding the proffered testimony of the expert witness Berger, there is no more occasion now and, in fact, less to award judgment to the defendant notwithstanding the verdict than there was or would have been to have directed a verdict for the defendants at the conclusion of the trial.

Whatever little testimony there was in the sense that the direct testimony of causal connection of a particular occasion or occurrence was that of one of the plaintiffs, there was considerable other testimony, as well as occurrences and circumstances at that and other times, including the admitted and acknowledged operation of the defendants' business concurring during and throughout the period of time testified to and related in plaintiffs' evidence. If, as the Court believes, the jury was privileged to conclude from the evidence before it and the reasonable inferences thereto attached, that defendants were liable, then there was sufficient latitude of judgment and discretion concerning the amount to which plaintiffs are entitled and the evidence to warrant it in the indulgence of credibility which the jury was privileged to give in its

deliberation.   Accordingly, motion for Judgment Notwithstanding the verdict is overruled and denied, with exceptions to the defendants.

Before mentioning facts and circumstances of evidence relating to the contended error of the Court in excluding expert testimony of a seismologist, it is first pertinent for a better understanding of the relationship of the law to the pertinent evidence to first briefly consider the law.

As was noted by counsel for the defendants in the reference made to the treatment of "Evidence" in **21 O. Jur. 2nd, Sections 521** and **522,** the author states:

"If it is utterly impossible to perform an experiment upon facts and under circumstances substantially similar to those in issue, evidence offered of an experiment is inadmissible."

Actually, there is considerable doubt in the Court's mind as to whether or not there was longer, November 6, 1957, any possibility of performing an admissibly acceptable experiment in this case, in view of the fact that in the meantime, in the two years that had elapsed since the injuries and damages complained of, defendants' operation had moved at least one thousand feet west from the point and location of blasting which was done in and preceding October, 1955, according to the testimony of Homer Sidwell.   Also, according to all the evidence, all of the mineable product had been blasted and extracted from all that part of the field occupied and operated by the defendants at the time of the occurrences complained of by the plaintiffs.   Entirely aside from the more than two years difference in time and whatever differences may have existed between the late summer and early fall of 1955 and the late fall of 1957 in weather, winds or other conditions of nature, along with air currents and vibrations and substrata conditions, which may have affected the Taylor property in particular, regardless of effects elsewhere or otherwise, it was no longer possible to reproduce any experiment either at or near the original source locale.

"Proof of an experiment, having been proffered for the purpose of showing that an alleged result is the consequence of a certain act or operation which is considered to exist in the case, should not be permitted unless the conditions and circumstances attending the experiment are shown to have been similar to those which in fact existed in the case."   (Jones on Evidence, Vol. 2, Page 772, Section 410.)

"Section 852-c.   Similarity of Conditions.   In order that an experiment shall possess sufficient probative value to warrant the admission of evidence thereof, it is necessary that the circumstances under which the experiment is made shall have been similar to the circumstances prevailing at the time of the occurrence involved in the controversy, and if the conditions were dissimilar in an essential particular the evidence is rejected, especially if the conditions were more favorable to the party offering the evidence.   It is not necessary, however, that the conditions should be exactly identical but a reasonable or substantial similarity is sufficient, and the lack of exact identity affects only the weight and not the competency of the evidence, provided always that there is such a degree of similarity that the evidence of the experiments made will

accomplish the desideratum of assisting the jury to an intelligent consideration of the issues of fact presented. The burden is on the party offering the evidence to show similarity in essential conditions, and preliminary proof of identity of conditions should, of course, be réceived. It is for the court to determine whether the conditions are sufficiently similar to warrant admission of the evidence." (22 Corpus Juris, Pages 758-9.)

"3. Evidence—Relevancy—Experiments. Evidence as to experiments, made after the injury, to test the accuracy of the testimony of witnesses to the occurrence, is admissible, if the experiments were made under conditions substantially the same as at the time of the accident." (3d. Syl., Railway Co. v. McMichael, 171 S. W., 115.)

"Experiments, to be admissible in evidence, must be made under conditions practically identical with the conditions that they purport to illustrate." (New York Life Insurance Co. v. Alman); (22 F., 2nd., 98, Page 101.)

From the foregoing and other authorities, all of which are in line with the statement of Ohio law as herein above first referred to, proffered evidence of an expert witness is clearly inadmissible when the experiment sought to be introduced has such striking dissimilarities as are demonstrable in this particular instance. The real effect of testimony of the expert in this case, with the conditions so strikingly dissimilar, would have merely amounted to a flat declaration on the part of such witness that what the jury found happened could not have happened and that the injuries to the property could not have occurred in spite of the fact that the jury found that they did. In short, the real and only effect of the. expert's testimony would have been a substitution of his judgment for that of the jury as to whether or not the evidence which the jury received warranted any consideration of the jury's verdict. The jury was impanelled to hear and decide the facts in the case, which is not the function of an expert witness.

Even if it could conceivably have been an error to have excluded testimony concerning the experiment, it could hardly have been a prejudicial error in view of the fact that there was actual evidence offered by the defendants concerning the actual operation of their use of explosives at the very time and with respect to the identical matters of which the plaintiffs complained in the testimony of Mr. Earl Grether, whose home and greenhouse business adjoined plaintiffs' premises. The expert's testimony would have related only to the November, 1957, effect upon the Grether property and at its location from a source position considerably different from that of 1955, while the Grether testimony fully and in minute detail covered everything that pertained to his own property with relation to the blasting that occurred at the identical location and at the times that were the actual complaint of the plaintiffs and all of which was before the jury for its consideration in assessing credibility of each of the plaintiffs and of other witnesses, including Mr. Grether, as well as the closely related evidence of the lack of effect of the identical blasting to the neighboring Grether property. At the most,

therefore, the proffered testimony of the expert Berger was not only merely cumulative but much less related in a number of essential respects and did not even pretend to reproduce the original essential factors.

In considering matters of evidence and of law in a particular case, such as here, even though each case stands on its own bottom, it is important and this Court seeks to relate and define its position on questions of law and facts or circumstances to which the law may or may not be applicable, in such a way as to afford as consistent a course as is humanly possible in the approach of all similar situations that have arisen or may arise. It seems to the undersigned that in any similar factual situation timely objection to evidence such as was proffered in this case, and which this Court welcomes the opportunity of having before it to pass upon, would have to be sustained as being outside of a well defined rule of law which is intended to exclude theoretical surmises or professional speculation. Accordingly, motion for new trial is overruled and exceptions noted in behalf of the defendants.

Journal Entry may be prepared by counsel for the plaintiffs in accordance with the finding and determination of the Court on the within two motions of the defendants.